IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS BUST, | : | CIVIL ACTION |
| | : | NO. 19-cv-04001 |
| Petitioner | : | |
| v. | : | |
| | : | |
| KEVIN KAUFFMAN, et al., | : | |
| | : | |
| Respondent. | : | |

**ORDER**

**AND NOW**, this **6th** day of **July, 2022,** upon consideration of Petitioner's Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), the Commonwealth's response thereto (ECF No. 9), Petitioner's reply (ECF No. 12), the Report and Recommendation of the United States Magistrate Judge Richard Lloret (ECF No. 14), and Petitioner's objections to the Report and Recommendation (ECF No. 23), it is hereby **ORDERED** as follows:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;

2. Petitioner's objections are **OVERRULED**;

3. The petition for a writ of habeas corpus is **DENIED and DISMISSED with prejudice**[1] by separate Judgment, filed

---

[1] Magistrate Judge Lloret adequately relayed the relevant facts, history, and law applicable to this case in his September 22, 2020 Report and Recommendation ("R&R"). The Court will not recount that information in full here.

On December 17, 2013, after a jury trial, Petitioner was convicted of burglary, criminal trespass, theft by unlawful taking, receiving stolen property, and conspiracy to commit receiving stolen property. Petitioner subsequently filed a direct appeal alleging that (1) he was denied the right to a speedy trial under Pennsylvania law, (2) the trial court erred in not granting a mistrial when a Commonwealth witness referenced his criminal

1

record, and (3) he was denied the right to a speedy sentence under Pennsylvania law. On April 1, 2015, the Pennsylvania Superior Court affirmed his sentence. Petitioner then filed a petition for collateral relief under the Pennsylvania Post-Conviction Relief Act ("PCRA"). Petitioner and the Commonwealth agreed to post-conviction relief, pursuant to which the theft and burglary counts were merged and the conspiracy count was downgraded to a third-degree misdemeanor. On January 18, 2017 the court resentenced Petitioner, vacating his theft count and his reducing his conspiracy count to probation. Petitioner submitted a motion for reconsideration of sentencing, which the PCRA court denied. The Superior Court affirmed Petitioner's sentence and the PCRA court's denial of the motion for reconsideration. Subsequently, Petitioner filed a second pro se PCRA petition which was also denied by the PCRA court. Petitioner's appeal of this denial was dismissed.

On March 11, 2019, Petitioner filed the present pro se petition for a writ of habeas corpus. His petition raises six claims: (1) that his right to a speedy trial under Pennsylvania law was violated; (2) that the Trial Court erred in not granting a mistrial after a witness commented on Bush's past criminal history; (3) that Petitioner's right to a speedy sentence under Pennsylvania law was violated; (4) that the trial court imposed an excessive sentence under Pennsylvania law; (5) that there was ineffective assistance of counsel regarding the plea offered to Petitioner by the Commonwealth; and (6) that the sentenced imposed by the trial court was illegal because the trial court failed to merge Petitioner's sentences for burglary and criminal trespass. Judge Lloret addressed all six claims in the R&R and ultimately concluded that Petitioner was not entitled to habeas relief.

Petitioner raises several objections to the R&R. This Court reviews de novo those portions of the R&R to which objections are made. 28 U.S.C. § 636(b)(1)(C). However, courts have found that objections that merely rehash arguments made in the petition and that are properly addressed by the magistrate judge are not entitled to de novo review. See, e.g., Watson v. DelBalso, No. CV 17-3191, 2020 WL 4015249, at *1 (E.D. Pa. July 16, 2020); Thomaston v. Dist. Attorney of Philadelphia, No. CV 10-957, 2012 WL 252784, at *1 n.1 (E.D. Pa. Jan. 25, 2012); Morgan v. Astrue, No. 08–2133, 2009 WL 3541001, at *3 (E.D. Pa. Oct. 30, 2009). Moreover, "[a]lthough [the] review is de novo, [a district judge] [is] permitted, by statute, to rely upon the magistrate judge's proposed findings and recommendations to the extent [the judge], in the exercise of sound discretion, deem[s] proper." Sileo v. Rozum, No. CV 12-3803, 2015 WL 7444820, at *11 (E.D. Pa. Nov. 24, 2015) (quoting Owens v. Beard, 829 F. Supp. 736, 738 (M.D. Pa. 1993)), aff'd sub nom. Sileo v. Superintendent Somerset SCI, 702 F. App'x 95 (3d Cir. 2017).

Petitioner objects only to Judge Lloret's conclusions on his second, fourth, and fifth claims. However, Petitioner's objections are merely restatements of the arguments he made in his petition and reply brief, so these claims are not entitled to de novo review. See Watson, 2020 WL 4015249, at *1. After reviewing Judge Lloret's reasoning and conclusions, the Court finds that each of petitioner's claims is properly addressed in the R&R. Petitioner's objections are therefore overruled.

contemporaneously with this Order. <u>See</u> Fed. R. Civ. P. 58(a); Rules Governing Section 2254 Cases in the United States District Courts, Rule 12;

4. A certificate of appealability **SHALL NOT** issue, as Petitioner has not made a substantial showing of the denial of a constitutional right nor demonstrated that reasonable jurists would debate the correctness of the procedural aspects of this ruling. <u>See</u> 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); and

5. The Clerk of Court shall mark this case **CLOSED**.

**AND IT IS SO ORDERED.**

*Eduardo C. Robreno*
**EDUARDO C. ROBRENO, J.**